UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DISCOM INTERNATIONAL, INC.,

    Plaintiff,

    v.

R.G. RAY CORPORATION,

    Defendant.

No. 10 C 2494
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a six-count complaint alleging that Defendant breached its oral contract when it unilaterally refused to pay it certain sales commissions. Plaintiff's complaint alleges breach of contract, or in the alternative, unjust enrichment, quantum meruit, or promissory estoppel. Additionally, Plaintiff alleges violations of California, Arizona, and Oregon Sales Representative Acts. Defendant filed a counterclaim for violations to the Illinois Trade Secrets Act, 765 § ILCS 1065/1, *et seq*. and now move to dismiss Plaintiff's complaint in its entirety. For the following reasons, Defendant's motion is granted in part and denied in part.

## I. STATEMENT OF FACTS

Discom International, Inc. ("Discom") acts as an independent sales representative on behalf of manufacturers to market and solicit orders for their products. In return, Discom earns commission payments on sales made. In August 2003, Discom began working for R.G. Ray Corporation ("Ray") as a sales representative. Ray is a custom clamp manufacturer. Discom solicited the sale of Ray products in an exclusive assigned territory that included the states of California, Washington, Nevada, Oregon, and Arizona ("the Territory"). Discom's only compensation was a commission received on each sale of Defendant's clamp products. Discom

was solely responsible for expenses it incurred in the marketing of Defendant's products and maintenance of sales. From 2003 to 2008 Discom provided its professional services to Ray. In addition to serving its exclusive assigned territory, Discom also assisted in making sales to customers who were not in its territory at Ray's request. Discom was terminated by Defendant in November, 2008 allegedly due to "financial considerations." The termination became effective January 1, 2009.

Discom and Ray entered into an oral contract in August 2003, whereby Discom agreed to act as Ray's exclusive sales representative in the Territory and to market and sell Defendant's products to other agreed-upon accounts outside of the Territory. Ray agreed to pay Discom 1% commission for all sales in the Territory (or to all agreed-upon customers located outside the Territory) and a 2.5% commission for sales to new customers or to existing customers on their new programs.

Discom and Ray modified their oral contract and increased Discom's commission rate to 1.5% for sales to existing customers, and to 5% for sales made to new customers, or for sales made to existing customers on their new programs. This modification became effective in November 2004. Discom alleges that these modifications were confirmed in a written memorandum. The parties' oral agreement contained no restriction on Discom's entitlement to receive commission payments, nor any limit on the commissions that Discom would receive post-termination for sales secured through its efforts prior to termination. The parties' contract was for an indefinite term, subject to either party's right to terminate.

Beginning on May 2005, Ray stopped paying Discom commissions for sales made to Pentair Pool Products. In June 2006, Ray unilaterally reduced Discom's commission for new

2

programs and sales made to Hayward Pool from 5% to 2.5%. Further, in November 2008, Ray informed Discom that no commission would be made to Discom after December 2008 on sales to PACCAR, its European subsidiary DAF, Daimler Trucks, Honeywell International, or Perkins Engine. Plaintiff now seeks commissions from all sales that were improperly withheld including sales forecasted for the years 2009 through 2014.

## II. STANDARD OF REVIEW

A Motion to Dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). I must take all facts alleged in Plaintiffs' complaint as true and draw all reasonable inferences from those facts in favor of Plaintiffs. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir.1992). Plaintiffs, for their part, must do more than solely recite the elements for a violation; they must plead with sufficient particularity so that their right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must plead their facts so that, when accepted as true, they show the plausibility of their claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiffs must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of their entitlement to relief. *Id.* (internal quotations omitted).

## III. DISCUSSION

### A. Count I Is Not Precluded By A Written Contract.[1]

Plaintiff asserts a claim for breach of oral contract and seeks the payment of certain sales commissions. Specifically, Plaintiff seeks payment for sales made to Pentair Pool Products,

---

[1] I consider any argument not raised in the briefs forfeited.

PACCAR, DAF, Daimler Trucks North America, Honeywell, and Perkins Engine. Plaintiff also asserts that it is entitled to a commission of 5% regarding new programs and sales made to Hayward Pool. Finally, Plaintiff alleges that it is owed commissions for sales made to agreed upon customers outside of the Territory.

Defendant moves to dismiss Plaintiff's claim for breach of oral contract on three grounds. First, Defendant argues that count I fails to state claim for breach of oral contract because a written contract, not an oral contract, governed the relationship between the parties. Next, Defendant argues that even if the alleged oral agreement governed the parties, Plaintiff's breach of contract claim must fail because Plaintiff's conduct effectively modified their agreement. Finally, Defendant contends that Plaintiff's breach of oral contract claim is barred by the Illinois statute of limitations. For the following reasons, Defendant's motion to dismiss count I is denied.

### 1. The Parties Were Not Governed By A Written Contract.

Defendant first argues that Plaintiff's breach of oral contract claim fails because the parties were governed by a written contract. Defendant contends that the 2004 memorandum attached to the Complaint ("November Document") is, in fact, the complete agreement of the parties, superceding any prior oral agreement. Plaintiff, however, argues that the attachment is not a contract, but a memorandum reflecting the parties oral agreement. When deciding a motion to dismiss, a court may consider exhibits attached to the complaint. *Centers v. Centennial Mortgage*, 398 F.3d 930, 933 (7th Cir. 2005). When a contract is attached to a complaint as an exhibit, the terms of the contract control when there is a conflict with the allegations of the complaint. *Thompson v. Ill. Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002).

4

The November Document was sent in an email to Glenn Kozak of Ray by Brian Disser of Discom. The email stated that Brian Disser was confirming the terms agreed to in their October 19, 2004 meeting and asked Glenn Kozak if he saw a need for any changes. The attachment was one page and contained a chart listing three commission rates: 5%, 2.5%, and 1.5%. Each commission rate included a brief description and explanatory scenarios. The November document was titled "DisCom-RGR Commission Agreement 102804." Also included were payment terms (net 45 days), effective date (November 1, 2004) and Territory (California, Nevada, Arizona, Oregon, and Washington). The email did not contain any reference to commissions to be paid to customers outside of the Territory.

If a document appears on its face to represent the complete agreement of the parties, then the plaintiff may not claim a contemporaneous oral agreement that contradicts the written contract. *Eichengreen v. Rollins, Inc.*, 757 N.E.2d 952, 956 (Ill. App. Ct. 2001). Accordingly, Defendants argue that the November Document represents the complete agreement of the parties and that any contemporaneous oral agreement that contradicts the November Document cannot be considered.[2] To create a valid and enforceable contract in Illinois, there must be agreement on all the essential terms. *Academy of Chicago Publishers v. Cheever*, 578 N.E.2d 981, 983-84 (Ill. 1991). "The essential terms of a sales representative's employment contract include the

---

[2] Defendant argues that Plaintiff's complaint contradicts the November document in two ways. First, although the November document lists the Hayward Pool account at a 2.5% commission rate, Plaintiff contends that it is entitled to a 5% commission rate pursuant to the "new business, existing or previous customer" provision in the November Document. Plaintiff's assertions in the complaint do not contradict the November Document, but rather, highlight an ambiguity. Second, though Plaintiff asserts that it is owed commission for sales to customers outside of the Territory, including Honeywell International, Caterpillar Corporation, and Perkins Engine, the November document addresses only businesses within Plaintiff's assigned territory.

commission structure, the territory, the services to be performed, the duration of the agreement and/or termination provision." *Anderson v. Fel-Pro Chemical Products, L.P.*, No. 95 C 4604, 1996 WL 33410082, at *6 (N.D. Ill. 1996). Though a contract need not contain both a duration and a termination provision, it must contain one or the other. *Id*. Here while the November document does set forth terms such as commission structure, it does not set forth the duration of the agreement or a termination provision. Because the November document is missing essential terms, it does not represent the complete agreement of the parties and does not supercede the alleged oral contract. Accordingly Plaintiff's claim of breach of oral contract is not barred by the existence of a written contract.[3]

### 2. Plaintiff Did Not Accept The Alleged Amendments Through Its Continued Performance.

In the alternative, Defendant argues that Plaintiff effectively amended its oral agreement in regard to Hayward Pool and Pentair Pool Products through acquiescence. Plaintiff's complaint alleges that in May 2005 Ray unilaterally stopped paying Discom commissions for sales made to Pentair Pool Products, and in June 2006 unilaterally reduced commissions for new programs to Hayward Pool. The complaint also states that it fully performed all of its obligations under the parties' contract until its termination effective January 1, 2009. Accordingly,

---

[3] Likewise, there is no mention of any commission agreement falling outside of the Territory. At the motion to dismiss stage, I must construe all facts in favor of the Plaintiff. In the complaint, Plaintiff states that it had entered into an oral contract in August 2003 regarding sales in the Territory as well as agreed accounts outside of the Territory. Plaintiff does not allege that the terms related to sales outside the Territory were discussed or modified in 2004, nor are such accounts noted in the November document. Construing the facts in favor of the Plaintiff, even if the November document did supercede the terms of the oral agreement as to the Territory accounts, the oral agreement would still govern the alleged commission rate agreements as to non-Territory accounts.

Defendant argues that even if it did unilaterally reduce Plaintiff's commissions, Plaintiff accepted these alleged amendments by continuing to provide its services to Ray.

In Illinois, employment without a definite term is considered at-will employment and is terminable by either party for any reason. *Schoppert v. CCTC International, Inc.*, 972 F.Supp. 444, 446-47 (N.D. Ill. 1997). Plaintiff states in its complaint that the parties' oral contract was for an indefinite term, subject to either party's right to terminate, thus rendering that agreement an at-will contract. "A contract that is terminable at the will of either party can be modified at any time by either party." *Id*. at 447. "If one party proposes a change to the terms of the contract and the other party nonetheless continues to perform as usual, the modification to the contract is deemed to be effective." *Id*. The rationale for such a rule is that the "continuation of an at-will relationship cannot be taken for granted." *Id*.

In *Schoppert*, the defendant company announced that the plaintiff's commission structure would be changed. *Schoppert*, 972 F.Supp. at 447. The plaintiff objected to the changes, but despite the new commission structure, continued to work for the defendant for the following two and a half years. *Id*. On a motion for summary judgment, the court found that despite his verbal objections, because the plaintiff continued to work for the defendant with no indication that the newly implemented changes would be revoked, and no evidence that the changes were open to further negotiations, his continued work for the defendant should be viewed as an acceptance of the modifications.

At this stage in the litigation, I am unwilling to dismiss Plaintiff's claims because of acquiescence. While it is true that Plaintiff's complaint states that it "fully performed all of its obligations under the parties' contract until its termination by R.G. Ray effective January 1,

7

2009", the complaint does not indicate whether or not Plaintiff continued to perform under the modified conditions as to the disputed accounts. Likewise, the complaint is unclear as to whether there were any further negotiations or discussions to indicate that the unilateral modifications would be revoked. Though on the face of the complaint, the facts of this case do mirror those of *Schoppert*, the record here is significantly less developed as to the precise nature of Plaintiff's continued performance. Construing the facts of the complaint in Plaintiff's favor as I must, I reject Defendant's assertion that Plaintiff accepted the alleged modifications through continued performance.

### 3. Plaintiff's Claim Is Not Barred By The Statute of Limitations.

Plaintiff filed its complaint on April 22, 2010 and alleges that the first contract breach occurred in May 2005. Because Plaintiff's claim for breach of oral contract was filed within five years, it is not barred by Illinois' five-year statute of limitations. 735 ILCS § 5/13-205.

Accordingly, Defendant's motion to dismiss count I is denied.

## B. Counts II and III Are Precluded By An Express Contract.

### 1. Unjust Enrichment and Quantum Meruit

"Since the doctrine of unjust enrichment presents an implied or quasi-contract claim, where there is a specific contract which governs the relationship of the parties, the doctrine has no application." *F.H. Prince & Co., Inc. v. Towers Fin. Corp.*, 656 N.E.2d 142, 151 (Ill. App. Ct. 1995). A plaintiff may plead breach of contract and unjust enrichment in the alternative only if the existence of an express contract is in dispute. *Concord Industries, Inc. v. Harvel Industries Corp.*, 462 N.E.2d 1252, 1255 (Ill. App. Ct. 1984) (allowing the plaintiff to proceed on both theories because at that stage of the proceedings, it was "impossible to make a factual

8

determination as to the existence of an express oral contract"). Likewise, when a sales representative subject to an express contract seeks to recover benefits allegedly obtained after his termination, he can recover "on the contract or not at all." *Fararo v. Sink LLC*, No. 01 C 6956, 2004 WL 635062, at *6 (N.D. Ill. Mar. 30, 2004).

Here, though I must construe the complaint in Plaintiff's favor, it is undisputed that an express contract governed the acts of these parties. Plaintiff alleges an express oral contract, and Defendant acknowledges such a contract, though asserts that it was superceded by an express written agreement. Because there is no dispute regarding the existence of an express contract, Plaintiff may not plead in the alternative as to unjust enrichment or quantum meruit. Defendant's motion to dismiss count II is granted.

### 2. Promissory Estoppel

Under Illinois Law, "if a party's performance under a written contract is the same performance which satisfies the requirement of detrimental reliance, then that party is barred from seeking redress under the doctrine of promissory estoppel." *Prentice v. UDC Advisory Servs., Inc.*, 648 N.E.2d 146, 150 (Ill. App. Ct. 1995). Though Plaintiff may plead breach of contract and promissory estoppel in the alternative while the existence of a contract is in dispute, if both parties admit the existence of a contract, "then a party may no longer recover under the theory of promissory estoppel." *Id*. at 152. This rule applies even when the parties "vigorously dispute the terms of the contract." *Id*. As discussed above, because the existence of an express contract is not in dispute, Plaintiff's promissory estoppel claim must be dismissed.

9

### C. Plaintiff's Claims For Breach of State Acts Are Not Barred.

A state does not have direct authority to preclude sales practices that occur entirely within another State. *Consumer Protection v. Outdoor World*, 91 Md. App. 275, 290, 603 A.2d 1383 (Md. App. 1992). Accordingly, Defendant argues that counts IV-VI must be dismissed because Plaintiff failed to allege that any part of its performance under the contract, or any alleged breach by Ray, occurred within California, Arizona, or Oregon to establish that Ray's alleged misconduct is subject to the laws of those states.

Count IV of Plaintiff's complaint alleges that Ray breached the California Independent Wholesale Representatives Contractual Relation Action of 1990 by failing to enter into a written contract with Discom setting forth the terms of the parties' relationship as required by the state law, and by breaching the parties' oral contract requiring the payment of sales commission. Likewise, in counts V and VI Plaintiff alleges breaches of both the Arizona and Oregon Sales Representative Acts because Defendant failed to pay commissions to Plaintiff as set forth in the parties' oral agreement. The facts Plaintiff sets forth to support these allegations are: (1) Discom solicited the sale of Ray products in an assigned territory that included the states of California, Washington, Nevada, Oregon and Arizona [the "Territory"] in return for sales commissions; (2) Plaintiff was successful in procuring sales from the Territory; (3) Discom entered into an oral contract agreeing to act as Ray's exclusive sales representative in the Territory; and (4) Ray failed to pay commissions owed for sales to customers made in the Territory.

The California Act applies to any person who "contracts with a manufacturer [] or distributor for the purpose of soliciting wholesale orders" and is compensated by commissions in whole or in part. Cal. Civil Code § 1738.12(3). The California Act further delineates that a manufacturer or distributor who engages in business in California, and uses a wholesale

representative to solicit sales, must provide a written contract to the sales representative outlining minimum terms and pay commissions as agreed to by contract. *Id*. at 1738.13. Pursuant to the Act, a written contract must include: (1) the rate and method by which the contract is computed; (2) the time when commissions will be paid; (3) the territory assigned to the sales representative; (4) all exceptions to the assigned territory and customers therein; and (5) any chargebacks. *Id*. Plaintiff's complaint alleges that it pursued customers within the Territory, including California. Additionally, it asserts that it was operating under an oral contract in violation of the California Act. Even assuming that Defendants are correct that the November document constitutes a complete agreement, the November document fails to satisfy the requirements of the California law and constitutes a breach. *Id*. at 1738.15. Though Plaintiff fails to identify specific customers solicited in the state of California, I find that the facts alleged in the compliant are sufficient to survive this motion to dismiss.

The Arizona Act applies when a principal "establishes a business relationship with a sales representative to solicit orders for products or services" in Arizona. Ariz. Rev. Stat. § 44-1798.04. Similarly, the Oregon Act applies when a nonresident principal "contracts with a sales representative to solicit orders in" Oregon. Or. Rev. Stat. § 646A.097(5). As discussed above, though the complaint does not explicitly name customers located in Arizona or Oregon, it does establish that Plaintiff successfully solicited sales within the Territory in which commission is owed. Construing the complaint in Plaintiff's favor, I find this sufficient to survive this motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons Defendant's motion to dismiss is granted as to counts II and III and denied as to counts, I, IV, V, and VI.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: November 10, 2010